### HAYES v. CARLTON

———

(April 7, 1930. Opinion and Decree.)

———

George Piazza, of New Orleans, attorney for plaintiff, appellee.

George B. Smart and George Dewey Smart, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff, the owner, leased in writing to defendant certain premises for $45 per month. To represent the indebtedness notes were executed by defendant. The lease did not expire until the end of September but during the latter part of February, defendant, having received information that he was about to lose his position in New Orleans, decided to dispose of some of his furniture and to move away from the city. He claims that he secured from plaintiff, through her attorney in fact, permission to advertise

for sale and to sell the articles of furniture in question and he also claims that he informed the said agent or attorney in fact that he was unable to pay the full amount of the rent due on March 1st, to-wit, $45. It .is his contention that he secured from the said agent permission to pay only $40 on the note then due which would be considered as full payment thereof and that it was further agreed that the rent to become due in the future should be at the rate of $40 per month instead of $45 as represented by the notes.

Plaintiff admits that her agent agreed to accept $40 on account of the note due on March 1st, but contends that it was not understood . that that would be considered as full payment. She also maintains that neither she nor her agent agreed that the rent for the future months should be reduced to $40 per month and that she did not agree that the furniture could be sold or removed from the premises.

There were negotiations which create some doubt as to whether or not it was understood that the rent for the future should be reduced and which also leaves some doubt as to whether or not it was understood that a certain sum, to-wit, $80, and defendant's refrigerator would be accepted by plaintiff in full settlement for the balance of the rent whether due or to become due. Whether such a settlement was agreed to is a question of fact and the trial court held with the plaintiff. We are unable to say that the evidence does not justify his finding that such an agreement had not been made. It is entirely possible that the defendant, in good faith, understood that such a settlement had been agreed to but it is equally possible that plaintiff and her agent in good faith had no such understanding of the various conversations. Under these circumstances we find ourselves unable to adopt the view that the finding of the trial court was manifestly erroneous. We are, therefore, unable to hold that the writ of provisional seizure was prayed for on insufficient grounds.' Of course, under the view which we take the reconventional demand for damages cannot be allowed.

It necessarily follows that the judgment appealed from should be affirmed.